**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

RICHARD MICHAEL HANSON                                                                      PLAINTIFF

V.                                          3:09CV00032 WRW/JTR

STEVEN METCALF, Director of Medical,
Craighead County Detention Center, et al.                                         DEFENDANTS

**ORDER**

On March 13, 2009, Plaintiff filed a *pro se* § 1983 Complaint alleging that Defendant Steven Metcalf failed to provide him with adequate medical care while Plaintiff was confined in the Craighead County Detention Center ("CCDC"). *See* docket entry #1. On April 27, 2009, the Court ordered service upon Defendant Metcalf, which has not yet been executed. *See* docket entry #12.

Plaintiff has recently filed an Amended Complaint and a Second Amended Complaint alleging that Defendants Aaron Davis, John Smith, Jack McCain, Alfreda Hampton, and Jeremy Sparks also denied him adequate medical care while he was in the CCDC. *See* docket entries #9 and #10. The Court concludes, *for screening purposes only*, that Plaintiff has stated viable § 1983 claims against these five Defendants.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a

IT IS THEREFORE ORDERED THAT the Clerk is directed to prepare a summons for Defendants Aaron Davis, John Smith, Jack McCain, Alfreda Hampton, and Jeremy Sparks, and the United States Marshal is directed to serve the summons, Complaint (docket entry #1), Amended Complaint (docket entry #9), and Second Amended Complaint (docket entry #10) on them without prepayment of fees and costs or security therefor.[2]

Dated this 14th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] If any of the Defendants are no longer Craighead County employees, the individual responding to service shall file, with the return of unexecuted service, a **SEALED** Statement providing the last known private mailing address for the unserved Defendant.